Mr. Justice Richardson
delivered the opinion of the Court.
The prerogative of pardon is given by the second article, section rth, of the Constitution, in these words, to-wit 11 He (the governor,) shall have power to grant reprieves and pardons, after conviction, (except in cases of impeachment,) in such manner and on such terms, and under such restrictions as he shall think proper.” It is difficult to con? ceive terms more comprehensive than these. The whole power of pardoning, “ after conviction,” is given with but one specific exception; and the right of making any restriction is equally unlimited; for the words, “ as he shall think proper,” impose literally no qualification of the governor’s power in this respect.
, But it is unnecessary to decide whether the governor might require, by way of restriction, an impossible act.— Though even in support of such a construction of the constitution, there would be great reason in saying,, that whatever might be the mockery, yet .there cannot be a more peremptory denial of the thing required, than to grant it upon an impossible condition. Suppose the governor were to pardon a felon, upon the condition of his procuring some one to be hanged in his stead, would it not be like permitting a traveller to abide in your house, provided he will enter by the key-hole ? Both would be considered as synonimous with denial. In such a case, the pardon could exist but by reason of the performance of the condition ; for the pardon does not go before, but must follow after the act required. But this view not being indispensable to the decision, no positive opinion is given upon i(;.
To myself, the most satisfactory construction of this constitutional article is, that the condition to he required *180 by the governor, should be considered as the substitution of one punishment voluntarily to be inflicted by the convict in lieu of the sentence which had been, or is to be, ordered by the court; and the character of the substitute should be, that in itself, it is capable, physically, of being performed j and be one, not prohibited by the laws of the land. If this be the just construction, it is to be observed that the object is to punish for a crime committed. The law does not regard the breach of contract which may possibly follow from the punishment, nor the possible inconvenience resulting to individuals. As a general rule, 'for instance, á citizen can not be deprived of his child or his slave; yet cither of these may be confined, exiled, or even killed by way of punishment, in derogation of the rights of the parent or master. It was suggested that the defendant being a married woman, cannot leave the state without the permission of her husband; and therefore the condition might require the performance of an unlawful act — the separation of husband and wife. But the condition is not impossible or unlawful in itself; for a married woman may physically and legally leave the state. When a feme covert is sentenced to pay money, or to go to gaol, the same objection might be mac]e for by the doctrine of the domestic relations of husband and wife, she can. do neither ^ without his consent.
A convict having entered into a civil contract, or being in a private economical relation which may render it inconvenient to others, or difficult for himself to comply with a condition, does not render it either impossible or void. The proper character of the condition, which is no more than the substitution of one punishment for another, is, that the condition required, should be both inconvenient and difficult to be performed. Suppose a minor under the restriction of parents, an apprentice under the control of his master, or a slave under that of his owner, suppose either of these were pardoned, upon the like condition of leaving the state, it could only follow, that if unwilling, or restrained from leaving the state, the condition prece *181 dent and necessary to the operation of the pardon, being unperformed, the pardon could not enure to his benefit. — . In the case before us, the fulfilment of the condition which was in itself, capable of being performed, and not forbidden by the law, was prerequisite to the - pardon, and that condition having never been performed, the pardon is merely nominal.
Davis, solicitor, for the motion,
Oneal, contra.
The motion is therefore granted.
Justices Gantt, Johnson, Nott, Cokock and Huger, concurred,